*Municipal Court of the City of Boston*

No. 439709

**JOSEPH A. IOCCO, ET AL**

v.

**JAMES L. ANDERER, ET AL**

(May 5 — January 30, 1961)

*Present:* Adlow, C. J., Shamon & Glynn, JJ.

Case tried to *Roberts, J.*

*Glynn, J.* The plaintiffs sued for damages received on a private way in the City of Boston. The defendants are the abutters on the private way, James L. Anderer, Joseph Lynch, and a contractor, one Bastionelli, d-b-a Palfrey Construction Company.

The contractor installed a sewerage system on the private way under a contract with the City of Boston which had taken an easement for this construction which was done almost a year before the accident.

*There was evidence that* the plaintiff Joseph Iocco in reading an advertisement in a Boston newspaper went to this private way to look at some real estate. While driving at about ten miles per hour on the unsurfaced private way his car came to an abrupt stop. This was caused by the undercarriage of the plaintiff's car resting on top of a manhole pipe with a cover. There was a depression from the top of the manhole varying from 7 to 8 inches on the roadway and 3 to 4 inches on the sides. The defendant Lynch had a "For Sale" sign on a lot adjoining his house. The defendant Anderer had filled in the depression some time previous to the accident.

The defendant Lynch duly filed seven requests for rulings of law, as follows:

1. There is evidence that the negligence of the plaintiff Joseph A. Iocco in operating the motor vehicle contributed to the injuries suffered by him and damages to his motor vehicle.

2. There is evidence that a structure comprising a manhole casing connected with sewer pipes had been erected and constructed in the private way known as Newfield Street prior to the date of the alleged accident by defendant Bastianelli d-b-a Palfrey Construction Co. under contract from the City of Boston by virtue of a taking for a sewer easement on or about August 19, 1954, and recorded with Suffolk Deeds, Book 6983, Page 537.

3. As matter of law, the defendant Lynch is not liable for the defective condition of structures installed in a private way by virtue of a contract between the City of Boston and defendant Bastianelli where the defendant Lynch was not in control of said structure and where contract required Bastianelli to guarantee the construction work until September 7, 1955 or October 2, 1955, both dates being within one year of completion.

4. As matter of law, the land owned by Lynch on said Newfield Street was subject to an easement of passage in common with other owners abutting said street and owed only a duty of ordinary care to travellers on said private way.

5. As matter of law where defendant Lynch's title was subject to a lien for betterment easements, lien for which had been recorded on August

19, 1954, control of the structure for sewer installations was within the control of the City of Boston or its agents or servants.

6.   A finding for the defendant Lynch is warranted as matter of law.

7.   A finding for the defendant Lynch as not being in control of the defective structure, e.g. manhole, is required.

The court found as follows: For the plaintiff Joseph Iocco $300 on counts No. 1 and 4; for the plaintiff Mary Iocco $300 on counts No. 2 and 5; for the plaintiff Stephen Iocco $50 on counts No. 3 and 6, and the court found for defendant Bastianelli on counts No. 7, 8 and 9.

The rulings and findings made by the trial judge on the foregoing requests for rulings of law by defendant Lynch, were as follows:

1.   Given; but I do not find that the plaintiff was guilty of contributory negligence.

2.   Given; but I do not find that the contractor defendant Bastianelli was in any way negligent.

3.   Given; but I do not find there was a defective condition in this manhole structure installed by the contractor defendant Bastianelli.

4.   Given; and I find the defendant Lynch did not exercise due care in the maintenance of the area in the vicinity of the sewer structure, and failed to warn the plaintiffs of a hidden danger and such lack of due care was the cause of the plaintiff's damage.

5.  Given; but see finding in No. 4.

6.  Given; such a finding is warranted but not required.

7.  Given; but I do not find the installation of the sewer structure was in any way defective. See finding on No. 4.

■  Among the issues raised by the defendant Lynch was the legal status of the plaintiffs, whether they were invitees or mere licensees. From the facts it was warranted for the court to find that the plaintiffs were invitees on the private way. There was evidence of the newspaper advertisement placed by the adjoining abutter of the defendant and the further evidence that the defendant Lynch had a "Land For Sale" sign on a vacant lot owned by him on the private way at the location of the accident. *Cavanaugh v. Block,* 129 Mass. 63; *Barber v. Moulton Ladder Co.,* 231 Mass. 507.

In the case of *Cavanaugh v. Block,* supra, the plaintiff was to visit a house on a private way where a person lived who did dressmaking for the plaintiff. The plaintiff was injured passing in front of the defendant's house. The court said that the plaintiff was there by invitation. In passing along the way the plaintiff stood in the place of an abutter and in using the way, was in the exercise of a legal right.

In the case at bar there was sufficient evidence to warrant a similar finding regarding the plaintiffs.

■  The trial judge in his ruling to re-

quest No. 4 after giving the ruling requested stated, "and I find that the defendant Lynch did not exercise due care in the maintenance of the area in the vicinity of the sewer structure and did not warn the plaintiffs of a hidden danger and such lack of due care was the cause of the plaintiffs' damage."

This ruling and statement clearly indicated the finding of fact that the plaintiffs were invitees on the private way and a duty of ordinary care was due them by the defendant Lynch. From the evidence such a finding was warranted.

The defendant Lynch raised the issue of the easement being taken by the City of Boston for the installation of a sewer on the private way. The easement taken by the city was the right to the use of the land for the precise and specific purpose which purpose is not inconsistent with the rights of the property owner and said easement does not divest the owner of his rights in the fee.

An easement generally speaking is the use of the land of another by the public or private individuals for a precise and definite purpose.

The easement taken by the City of Boston on or about August 19, 1954 was for a sewer easement and does not relieve the defendant Lynch of his responsibility to travellers on the private way. *Harback v. City of Boston,* 10 Cush. 295.

In regard to this issue the trial judge in passing on request No. 2 stated that he did

not find that the contractor was in any way negligent. There is evidence that the actual construction of the manhole near the point of the accident was almost a year old. There was further evidence that the defendant Anderer had on a previous occasion filled in dirt on or about the area where the plaintiffs were injured.

The defendant Lynch further claims that his right of appeal on legal questions has been denied him by the manner in which the trial judge ruled on his request. There were no separate findings of fact set forth by the trial judge but following each ruling the judge made specific findings of fact, which findings are the basis of his decision.

The form in which the rulings and findings were made may have been objectionable to the defendant Lynch, but it did not deprive him of any legal right of appeal on any ruling that was contrary to the law or to any finding that was not warranted by the evidence.

For example: Request No. 1 reads as follows: "There is evidence that the negligence of the plaintiff Joseph A. Iocco in operating the motor vehicle contributed to the injuries suffered by him and damages to his motor vehicle". — "Given: — but I do not find the plaintiff was guilty of contributory negligence". Likewise a reading of the rulings made by the trial judge on requests Nos. 2, 3, 4 and 7 specifically set forth as findings of fact that the contractor who did

the work was not negligent; that there was no defective condition in the manhole structure; and that the defendant Lynch did not exercise due care in the maintenance of the area of the manhole and failed to warn plaintiffs of the hidden danger, such lack of due care causing injury to the plaintiffs.

These are findings of fact and a review of evidence as set forth in the report certainly warranted the finding made by the trial judge.

*Report dismissed.*

Joseph T. Galvin of Dedham, for the Plaintiffs.
Sullivan & Sullivan, for the Defendant Lynch.